

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2005

# Bello v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2813

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bello v. Atty Gen USA" (2005). *2005 Decisions.* Paper 391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2813
_____

DENNIS MELCHOR BELLO,

Petitioner

v.

ALBERTO R. GONZALES,*
Attorney General of the United States

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No.  A93-265-230)
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2005

Before:  ROTH, McKEE and FISHER, *Circuit Judges.*

(Filed: October 18, 2005)
_____

OPINION OF THE COURT
_____

_____

*Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43(c).

FISHER, *Circuit Judge*.

Dennis Melchor Bello ("Bello"), a native and citizen of the Philippines, petitions this Court for review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's decision that Bello is deportable and ineligible for suspension of deportation or voluntary departure based on a prior conviction for unlawful possession of a firearm. We will deny the petition.

I.

As we write only for the parties, we will set forth only those facts necessary for our analysis. Bello entered the United States as a non-immigrant visitor on April 18, 1985, and, following expiration of his visitation period on October 16, 1985, he remained in the country without authorization. On December 30, 1994, he was arrested in New Jersey for unlawful possession of a firearm, and, on October 17, 1995, he pled guilty to this offense in state court. His conviction has not been overturned or vacated. Bello admitted to these facts during agency proceedings and does not challenge them in his petition for review.

The Immigration and Naturalization Service ("INS")[1] issued an order to show cause against Bello in April 1996, charging him as an alien subject to deportation from the United States under section 241 of the Immigration and Nationality Act ("INA"), 8

_____

[1]On March 1, 2003, the INS ceased to exist, and its interior enforcement functions were transferred to the Bureau of Immigration and Customs Enforcement, within the Department of Homeland Security. *See* Homeland Security Act, Pub. L. No. 107-296, § 441, 116 Stat. 2135, 2192 (2002). For purposes of this opinion, the agency will be referred to as the INS.

U.S.C. § 1251 (1996) (current version at 8 U.S.C. § 1227), because he had remained in the United States longer than authorized, *see* INA § 241(a)(1)(B) ("Any alien who is present in the United States [without authorization] is deportable."), and had been convicted of unlawful possession of a firearm, *see* INA § 241(a)(2)(C) ("Any alien who at any time after admission is convicted under any law of . . . possessing . . . a firearm . . . in violation of any law is deportable.").  In proceedings before the Immigration Judge, during which Bello was represented by counsel, Bello conceded his alienage and deportability but requested relief in the form of suspension of deportation or, in the alterative, voluntary departure.  During a hearing in 2003,[2] the Immigration Judge did not allow Bello to present evidence allegedly supporting his right to relief but, instead, summarily denied the request on the ground that the prior firearms conviction rendered Bello statutorily ineligible for suspension of deportation or voluntary departure.  The BIA affirmed the decision in May 2004, and Bello filed this timely petition for review.

---

[2]Resolution of the matter was delayed when, during a hearing in 1996, the Immigration Judge terminated the proceedings to allow Bello to challenge his prior conviction.  The decision to terminate the proceedings was reversed by the BIA in 2002, and the matter was remanded to the Immigration Judge.

II.

The claims in the petition for review, challenging the denial of suspension of deportation and voluntary departure, are without merit.[3] An alien convicted of an offense listed under section 241(a)(2)(C) of the INA is statutorily ineligible for suspension of deportation under section 244(a)(2) unless he or she has been "physically present in the United States for a continuous period of not less than ten years following the commission of an act, or the assumption of a status, constituting grounds for deportation." INA § 244(a)(2), 8 U.S.C. § 1254(a)(2) (1996) (current version at 8 U.S.C. § 1229b). This

---

[3]It also appears that we may lack statutory jurisdiction to consider these claims. Because immigration proceedings against Bello were initiated before 1997 but the order of deportation did not become final until 2004, this case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 309(b), 110 Stat. 3009. *See Acosta v. Ashcroft*, 341 F.3d 218, 220 (3d Cir. 2003). These rules provide that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act." IIRIRA § 309(c)(4)(G). The Immigration Judge and the BIA found, as Bello concedes in his petition for review, that Bello is an alien and is deportable based on his conviction for unlawful possession of a firearm, an offense that falls within the criminal offenses covered in section 241(a)(2)(C) of the INA. These findings dictate application of section 309(c)(4)(G) of the IIRIRA and would seem to preclude judicial review of the final order of deportation. *See Acosta*, 341 F.3d at 220. Nevertheless, because the claims raised by Bello lack facial merit, we need not rest our decision on these apparent jurisdictional deficiencies. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 415-16 (3d Cir. 2003) (suggesting that courts may proceed to merits without addressing the issue of statutory, as opposed to constitutional, jurisdiction); *see also Marquez-Almanzar v. INS*, 418 F.3d 210, 216 n.7 (2d Cir. 2005) ("[When] jurisdictional prerequisites to our consideration of the merits in [a] case are imposed by statute, not the Constitution, [they] are not a bar to our assumption of 'hypothetical jurisdiction' where . . . the jurisdictional issues are complex and the substance of the claim is plainly without merit.").

Court has previously indicated, in accordance with the interpretation of section 244(a)(2) followed by the INS and the majority of courts to address the issue, that the period of physical presence commences on the date of the most recent acts constituting grounds for deportation. *See Bufalino v. Holland*, 277 F.2d 270, 280 (3d Cir. 1960), *cited in In re Wong*, 13 I. & N. Dec. 427, 429-30 (1969).[4] The last act constituting grounds for deportation in this case occurred in October 1995, when Bello was convicted of unlawful possession of a firearm. *See* INA § 241(a)(2)(C). Bello was not physically present in the

---

[4]*See also Okeke v. Gonzales*, 407 F.3d 585, 596 (3d Cir. 2005) (Ambro, J., concurring) (noting that an alien seeking suspension of deportation under section 244(a)(2) of the INA must establish continuous physical presence "from the date of the commission of the last deportable act"); *Gagliano v. INS*, 353 F.2d 922, 929 (2d Cir. 1965) ("[A]n alien who has committed a deportable act of any kind within ten years of his application for suspension [is not] allowed to apply for such relief  . . . ."); *Patsis v. INS*, 337 F.2d 733, 740-42 (8th Cir. 1964) (same); RICHARD D. STEEL, STEEL ON IMMIGRATION LAW § 14:29 (2d ed. 1992) (same); *cf. INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999) (stating that INS interpretation of the INA should be afforded deference). Only the Court of Appeals for the Ninth Circuit has held otherwise, in a single opinion in 1962 (predating the era of *Chevron* deference) in which it found that the section of the INA at issue is susceptible to two reasonable constructions, one of which would support the interpretation followed by the INS. *See Fong v. INS*, 308 F.2d 191, 194-95 (9th Cir. 1962). *But cf. Chevron U.S.A. Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837, 842 (1984) ("[A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency."), *cited in Aguirre-Aguirre*, 526 U.S. at 424.

United States for ten years following this conviction,[5] and, thus, he is ineligible for suspension of deportation under section 244(a)(2) of the INA.

An alien convicted of an offense listed under section 241(a)(2)(C) of the INA is also statutorily ineligible for voluntary departure, regardless of any period of physical presence in the United States. INA § 244(e)(1), 8 U.S.C. § 1254(e)(1) (1996) (current version at 8 U.S.C. § 1229c). Bello concedes that his offense falls within section 241(a)(2)(C). As such, he is ineligible for voluntary departure.

Also without merit is Bello's claim that he suffered a deprivation of his right to due process when the Immigration Judge denied his application for relief without holding a full evidentiary hearing. The Due Process Clause does not, as Bello seems to argue, offer a free-standing right to an evidentiary hearing on every request for relief raised in an administrative or judicial proceeding. *See, e.g.*, *Rogal v. Am. Broad. Cos., Inc.*, 74 F.3d 40, 44-45 (3d Cir. 1996). Rather, it guarantees that a litigant will be provided with an opportunity that is adequate under the particular circumstances to present the basis of his or her request to the appropriate official. *See, e.g.*, *id.*; *see also Pennsylvania v. Riley*, 84 F.3d 125, 130 (3d Cir. 1996). Bello was provided with this opportunity. He was allowed to file his application for relief and to advance his request, with the assistance of counsel,

---

[5] *See* 8 U.S.C. § 1229b(d)(1) ("[A]ny period of . . . continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear . . . of this title . . . ."); *see also* IIRIRA § 309(c)(5) ("[S]ection 1229b(d) of this title . . . shall apply to orders to show cause . . . issued before, on, or after the date of the enactment of this Act.").

6

before the Immigration Judge. The Immigration Judge thereafter concluded that the request could not be granted as a matter of law, based on the facts conceded by Bello.[6] Once this determination was made, there was no need to proceed further or to conduct a full evidentiary hearing. *See id.* ("An administrative agency need not provide an evidentiary hearing when there are no disputed material issues of fact . . . ."). Bello received all of the process that was "due" to him under the Constitution.

### III.

We have considered the other arguments presented by Bello, including the assertion that the Immigration Judge and the BIA should be estopped from raising the issue of statutory ineligibility,[7] and find them to be baseless.

Accordingly, we will deny the petition for review.

---

[6]Contrary to counsel's contention in the brief in support of the petition (Br. of Pet'r at 17), Bello's application for relief was clearly "adjudicated" by the Immigration Judge and the BIA: it was denied based on statutory ineligibility.

[7]Counsel for Bello incorrectly asserts in the brief in support of the petition that the "issue regarding [Bello's] eligibility for relief" was not raised by the Immigration Judge prior to the hearing in 2003. (Br. of Pet'r at 20.) To the contrary, the Immigration Judge expressly noted during proceedings in *1996* that Bello was "obviously . . . statutorily ineligible for . . . suspension of deportation . . . [or] voluntary departure." (App. at 577.) Counsel is reminded of the need for accuracy in representations to this Court regarding the contents of the record on appeal.